**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 17-159-DLB-CJS**

DIANE WARNDORF                                                                          PLAINTIFF

v.                                        MEMORANDUM OPINION AND ORDER

OTIS ELEVATOR CO. and KONE, Inc.                                      DEFENDANTS

**              **      **      **      **      **

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On October 21, 2016, Diane Warndorf, an employee of the United States Postal Service, was delivering packages in the John Weld Peck Federal Building in Cincinnati, Ohio. (Doc. # 25 at 3). Warndorf alleges that an elevator in the building–Elevator No. 12–failed while she was riding it. *Id.* Specifically, she claims that the elevator "malfunctioned and suddenly dropped two floors." *Id.* Warndorf alleges that the sudden movement of the elevator caused her to be "thrown to the floor of the elevator." *Id.* She suffered ongoing injuries as a result of the incident including neck and back injuries as well as spinal concussion and headaches. *Id.*

On September 13, 2017, Warndorf brought suit against Otis Elevator Company ("Otis") and unknown defendants who performed work at the John Weld Peck Federal Building claiming that the "elevator had malfunctioned just a week [before the injury occurred] and Defendant knew or should have known of the hazardous/dangerous condition." (Doc. # 1 at 1-3). With permission of the Court, Warndorf amended her Complaint on January 23, 2018. (Docs. # 24 and 25). The Amended Complaint named

KONE, Inc. ("KONE"), another elevator company, as an additional defendant. (Doc. # 25). Warndorf alleges seven claims—(1) a negligence claim under the theory of *res ipsa loquitur* against all defendants, (2) a breach of express and implied warranties claim, (3) a negligence claim against Otis, (4) a negligence claim against KONE, (5) a claim against Otis and KONE under a theory of *respondeat superior*, (6) a gross-negligence claim for punitive damages against Otis, and (7) a gross-negligence claim for punitive damages against KONE. (Doc # 25 at 4-8). Otis answered on February 6, 2018 (Doc. # 28), and KONE answered on April 20, 2018. (Doc. # 36). On July 30, 2018, KONE filed a Motion for Judgment on the Pleadings asking the Court to dismiss the counts against it (counts one, two, four, five, and seven). (Doc. # 41). Plaintiff Warndorf and Defendant Otis both filed responses in opposition—Warndorf on August 16, 2018 and Otis on August 17, 2018. (Docs. # 42 and 43). KONE filed its reply on August 30, 2018. (Doc. # 44). The Motion is now ripe for the Court's review.

## II.    ANALYSIS

### A.    Standard of Review

The standard of review for a 12(c) motion for judgment on the pleadings is the same as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12; *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). To survive a motion for judgment on the pleadings, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true,

and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

## B. Choice of Law

A federal court sitting in diversity must apply the substantive law of the state in which it is sitting. *See Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965) (explaining *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). This includes applying the choice-of-law rules of the state in which the court sits. *Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir. 1994). Thus, in this case, the Court must apply Kentucky's choice-of-law rules.

Under Kentucky choice-of-law rules "there is a strong preference . . . for applying Kentucky law." *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F.Supp.2d 700, 707 (W.D. Ky. Sept. 6, 2013) (collecting cases). "[T]he law of the forum . . . should not be displaced without valid reasons." *Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972). In other words, Kentucky is "very egocentric or protective concerning choice of law questions." *Paine v. La Quinta Motor Inns, Inc.*, 736 S.W.2d 355, 357 (Ky. Ct. App. 1987), *overruled on other grounds by Oliver v. Schultz*, 885 S.W.2d 699 (Ky. 1994). In general, "a court must apply Kentucky's law when there are not overwhelming interests to the contrary." *Asher v. Unarco Material Handling, Inc.*, 737 F.Supp.2d 662, 666 (E.D. Ky. 2010). In Kentucky, separate choice-of-law analyses exist for claims arising under tort and contract. *Wells Fargo Fin. Leasing, Inc.*, 970 F. Supp. 2d at 707 (citing *Saleba v. Schrand*, 300 S.W.3d 177, 181 (Ky. 2009)).

In tort cases brought in Kentucky, Kentucky law is applied if a court finds there are *any* significant contacts with Kentucky. *Brewster v. Colgate-Palmolive Co.*, 279 S.W.3d

142, 145 n.8 (Ky. 2009); *Saleba*, 300 S.W.3d at 181; *Foster*, 484 S.W.2d at 829 (finding

that "if there are significant contacts—not necessarily the most significant contacts—with

Kentucky, the Kentucky law should be applied").[1]  A court should not determine applicable

law "on the basis of weighing of interests, but simply on the basis of whether Kentucky

has enough contacts to justify applying Kentucky law." *Arnett v. Thompson*, 433 S.W.2d

109, 113 (Ky. Ct. App. 1968).  Underlying this choice-of-law approach for torts is the fact

"that 'Kentucky's tort and products liability laws are intended to protect Kentucky residents

and provide compensation when they are *the injured party*.'" *Hoagland v. Ford Motor

Co.*, No. Civ.A. 06-615-C, 2007 WL 2789768, at *4 (W.D. Ky. Sept. 21, 2007) (quoting

*Custom Prods., Inc. v. Fluor Daniel Can., Inc.,* 262 F. Supp. 2d 767, 773. (W.D. Ky.

2003)).

"The tort claims alleged here were committed against [a] Kentucky resident[],

which gives the claims 'significant contacts' with Kentucky." *Aces High Coal Sales, Inc.

v. Cmty. Tr. & Bank of W. Ga.*, No. 15-161-DLB-HAI, 2017 WL 3122661, at *12 (E.D. Ky.

July 21, 2017).  This rule is supported by the principle that tort law was developed to

protect Kentucky residents like Warndorf. *Hoagland*, 2007 WL 2789768, at *4.  Thus, as

Warndorf is a resident of Kentucky, Kentucky law governs the case before the Court.[2]

---

[1]    This is in contrast to the "most significant contacts" test which applies to contract issues. *Saleba*, 300 S.W.3d at 181 (quoting *Foster*, 484 S.W.2d at 829).  Warndorf is misguided in suggesting that the most-significant-contacts test applies to the issue before the Court as this test only applies to contract issues, and the issue before the Court arises in tort.  (Doc. # 42 at 4).

[2]    Otis's due-process argument does not change the Court's analysis.  (Doc. # 43 at 3-5).  *Home Insurance Company v. Dick* does not guide the Court's analysis here, as that case dealt with a contract issue.  281 U.S. 397 (1930).  Kentucky employs a different choice-of-law analysis for contracts issues and therefore this Supreme Court contract case does not impact the Court's analysis.  The other case cited by Otis in support of its due-process argument, *Parets v. Eaton Corporation*, is a case from the Eastern District of Michigan and therefore is not binding on this Court.  479 F. Supp. 512, 516 (E.D. Mich. 1979).

**C.      Breach of Warranty**

A successful breach-of-warranty claim in Kentucky requires privity of contract between the parties to the litigation.  *Compex Int'l Co., Ltd. v. Taylor*, 209 S.W.3d 462, 464 (Ky. 2006); *see also Tate v. Linvatec Corp.*, 2:06-cv-69-DLB, 2009 WL 10676045, at *1-2 (E.D. Ky. Nov. 5, 2009) (collecting cases).  "Privity of contract . . . is the relationship which subsists between two contracting parties."  *Barry v. Am. Cyanamid Co.*, 314 F.2d 14, 17 (6th Cir. 1965).  In other words, generally there must be a contractual relationship between the plaintiff and defendant in a breach-of-warranty claim in order for the claim to proceed.  *Compex Int'l Co. Ltd.*, 209 S.W.3d at 465.

Kentucky statute provides a limited exception to the privity requirement—it allows for a "seller's warranty . . . [to] extend[] to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty."  Ky. Rev. Stat. § 355.2-318.  "Although the statute provides an exception to the privity requirement, that exception is limited to its clear terms and includes only those individuals who enjoy the specified relationship with the buyer." *Compex Int'l Co. Ltd.*, 209 S.W.3d at 465; *see also Tate*, 2009 WL 10676045, at *1.

As Plaintiff has not met the privity requirement of a breach-of-warranty claim in Kentucky, Plaintiff's claim must fail.  Here, Plaintiff pleads no facts which suggest a contractual relationship between Warndorf and KONE.  (Doc. # 25).  Rather, the Complaint only alleges a contractual relationship between the General Services Administration (GSA) and KONE.  *Id.* at 6.  Therefore, the only way Warndorf and KONE would have privity of contract is under the family-member or household-guest exception

to the privity requirement.  Ky. Rev. Stat. § 355.2-318.  Neither applies here.

Assuming the GSA did purchase the elevator from KONE, and thus had established privity of contract, Plaintiff's breach-of-warranty claim would still fail as Warndorf is not covered by the family-member or household-guest exception.  Section 355.2-318 only provides a very limited privity exception to family members and house guests of the buyer of a product.  *See Puckett v. Comet Mfg. Corp.*, 892 F.2d 80, at *2 (6th Cir. 1989) (unpublished table decision) (explaining that the "Kentucky legislature chose to adopt the least protective of the three alternative[]" warranty extensions proposed by the drafters of the Uniform Commercial Code).  Further, this exception is read narrowly; it does not extend to "employees of a commercial purchaser" of the product, *McLain v. Dana Corp.*, 16 S.W.3d 320, 326-27 (Ky. Ct. App. 1999), users of the product who are employed by a company other than the company that purchased the product, *Anderson v. Ridge Tool Co.*, 0:06-cv-116-HRW, 2008 WL 1908716, at *7 (E.D. Ky. Apr. 30, 2008), or even individuals who are "an 'obvious intended beneficiary' of Defendants' warranties."  *Mills v. Riggsbee*, 5:12-cv-148-KSF, 2013 WL 5676228, at *2 (E.D. Ky. Oct. 18, 2013).  The facts pled show that Warndorf's injury did not occur within a home and she is not a family member of the GSA; therefore, she does not plausibly fall within the limited privity extension provided by Ky. Rev. Stat. § 355.2-318.  Accordingly, there is no plausible privity of contract between Warndorf and KONE under Kentucky law. Therefore, Warndorf's breach-of-warranty claim must fail and count two of the Complaint must be dismissed.[3]

---

[3]      As Warndorf's lack of privity with KONE is fatal to her breach-of-warranty claim, the Court will not address KONE's arguments that Warndorf did not identify a specific warranty that was made and breached, and that a breach-of-warranty action cannot lie when only services are performed.  (Doc. # 41-1 at 8-9).

### D. Statute of Limitations for Personal-Injury Claims

When a cause of action arises outside of Kentucky, but the case is governed by Kentucky substantive law, Kentucky's borrowing statute governs the applicable statute of limitations. *See* Ky. Rev. Stat. § 413.320; *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 578 (6th Cir. 2004). The borrowing statute requires that "if a cause of action arises in a foreign jurisdiction which has a shorter statute of limitations than Kentucky for the same cause of action, Kentucky courts must 'borrow' the foreign jurisdiction's statute of limitations." Ky. Rev. Stat. § 413.320. Under Kentucky law the statute of limitations for a personal-injury claim is one year. Ky. Rev. Stat. § 413.140(1)(a). In Ohio, personal-injury claims are limited by a two-year statute of limitations. Ohio Rev. Code § 2305.10. As Ohio does not have a shorter statute of limitations than Kentucky, Kentucky's one-year statute of limitations applies to Warndorf's personal-injury claims against KONE pursuant to Kentucky's borrowing statute (Ky. Rev. Stat. § 413.320). As the claims against KONE were filed more than fifteen months after Warndorf's injury which gave rise to the personal-injury claims, these claims are barred by Kentucky's one-year statute of limitations unless the claims relate back.

#### 1. Relation Back

In most cases, "the question of whether an amendment to a complaint relates back to the date of the original complaint is a question of federal procedure not controlled by state law even in a diversity case." *Simmons v. S. Cent. Skyworker's Inc.*, 936 F.2d 268, 270 (6th Cir. 1991). Here, whether the amendment to the Complaint which added KONE as an additional party relates back is governed by Rule 15 of the Federal Rules of Civil

Procedure.[4]  Fed. R. Civ. P. 15.

Rule 15(c)(1)(C) deals specifically with the issue of amending a party to a lawsuit. The Sixth Circuit has made clear that Rule 15(c)(1)(C) only applies when the plaintiff "made a mistake concerning the proper party's identity;'" it does not, however, permit the addition of a new, previously unknown defendant.  *Smith v. City of Akron*, 476 F. App'x. 67, 69 (6th Cir. 2012); *see also Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 615-16 (6th Cir. 2014) (collecting cases); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010) (same); *Cameo, LLC v. Techni-Coat Int'l, N.V./S.A.*, 5:14-cv-256-JMH, 2017 WL 690194, at *5 (E.D. Ky. Feb. 21, 2017).

Here, Warndorf sought to add KONE as a defendant after the statute of limitations had run because she was told during a January 9, 2018 planning meeting between her counsel and counsel for Otis that "Defendant Otis . . . entered into a contract to provide service for an elevator in question seven weeks prior to the malfunction.  Prior to this contract the elevator was serviced by KONE."  (Doc. # 21 at 1).  Plaintiff alleges that she did not know KONE was a potential "liable party until after the suit was filed and discovery began."  (Doc. # 42 at 3).  Like in *Smith*, however, Warndorf "did not make a mistake about the parties [Warndorf] intended to sue; [Warndorf] did not know who they were and apparently did not find out within the . . . limitations period."  476 F. App'x. at 69.  The Sixth Circuit has made clear that "[t]he relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem."  *Id.*  Thus, Rule 15(c)(1)(C) does not apply, and

---

[4]  In limited circumstances state-procedural law applies to relation-back issues. *See Pac. Emp'rs Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 395, 400-01 (6th Cir. 2002) (applying Kentucky procedural law to the relation-back issue due to the unique procedural history of the case).  The reasoning from *Pacific Employers* which led to the application of Kentucky procedural law to a relation-back issue, however, does not apply to the case before the Court because this case was initiated in federal court, rather than removed from state court as *Pacific Employers* was.  *Id.*

the remaining claims against KONE do not relate back. Therefore, the remaining negligence claims (counts one, four, and five) against KONE are barred by the one-year statute of limitations.[5]

### E. Punitive Damages

Punitive damages are damages awarded beyond compensatory damages for the purpose of punishing a defendant and deterring similar behavior in the future. *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 337-38 (Ky. 2014). "In order to justify punitive damages there must be first a finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety, or property of others." *Id.* at 338 (quoting *Gibson v. Fuel Transp., Inc.*, 410 S.W.3d 56, 59 (Ky. 2013)). A punitive-damages claim, however, "is not a separate cause of action, but a remedy potentially available for another cause of action." *Grubbs v. Thermo Fisher Sci.*, 2:13-cv-183-DLB-CJS, 2014 WL 1653761, at *3 (E.D. Ky. Apr. 23, 2014) (quoting *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012)). Thus, a plaintiff must have other viable claims in order to be awarded punitive damages. Here, Plaintiff's other claims against KONE have been dismissed for failure to state a claim upon which relief can be granted, and, therefore, Plaintiff's claim for punitive damages—count seven—must also be dismissed.

Throughout its response to KONE's motion, Plaintiff makes arguments that dismissal of the claims against KONE would be unjust. (Doc. # 42 at 5). The Court

---

[5]    The Court does not need to address Plaintiff's argument that she had good cause for failing to serve KONE within the required 90 days. (Doc. # 42 at 5). As the Sixth Circuit does not provide for the addition of new parties under 15(c)(1)(C), the Court will not consider whether, if 15(c)(1)(C) hypothetically was applicable, the requirements of 15(c)(1)(C) would have been met. Such an exercise would render a portion of this Order an impermissible advisory opinion. *Steel Co. v. Citizens for a Better Env't*, 532 U.S. 83, 101 (1998).

construes this argument as a public-policy argument, suggesting that the Court should not grant KONE's motion in the interest of justice. Such a ruling would be improper as it would be in contravention of settled Kentucky law. The Kentucky Supreme Court has "long observed that the determinations as to public policy are a matter for the General Assembly." *Compex Int'l Co.,* 209 S.W.3d at 465. "It is beyond the power of a court to vitiate an act of the legislature on the grounds that public policy promulgated therein is contrary to what the court considers to be in the public interest. It is the prerogative of the legislature [not the courts] to declare that acts constitute a violation of public policy." *Ky. ex rel. Cowan v. Wilkanson*, 828 S.W.2d 610, 614 (Ky. 1992), *overruled on other grounds by Ky. ex rel. Conway v. Thompson*, 200 S.W.3d 152 (Ky. 2009). Accordingly, Warndorf's public-policy argument does not change the Court's conclusion.

## III.    CONCLUSION

For the reasons articulated herein,

**IT IS HEREBY ORDERED** that KONE's Motion for Judgment on the Pleadings (Doc. # 41) is **GRANTED**.

This 8th day of January, 2019.



Signed By:

*David L. Bunning*    DB

United States District Judge

K:\DATA\ORDERS\Cov2017\17-159 Order on MJOP.docx